UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMGEN INC., | CASE NO. 19-mc-168 RSM |
| Petitioner, | ORDER ON PENDING MOTIONS |
| v. | |
| ALDER BIOPHARMACEUTICALS, INC., | |
| Respondent. | |

This matter is before the Court on Amgen's Motion to Compel Alder's Production of Documents. Dkt. #1. Amgen's Motion was filed on December 19, 2019, and noted for the Court's consideration on January 3, 2020. On the date Alder was to respond, December 30, 2019, Alder filed a motion seeking to reset the noting date of Amgen's Motion, effectively seeking to continue Alder's deadline to respond to Amgen's Motion. Dkt. #13. Finding further briefing unnecessary, the Court now resolves the pending motions as follows.

Alder's motion properly invokes Federal Rule of Civil Procedure 6(b) which allows the Court to extend Alder's time to respond for good cause. FED. R. CIV. P. 6(b). Alder's full justification for its request is the unsworn representation of counsel that:

> With the Christmas and New Year holiday weeks occurring immediately after the filing of Amgen's motion, Alder acted diligently to prepare for the filing of its response by the December 30, 2019 deadline implied by the January 3, 2020

ORDER – 1

noting date. Despite those efforts, vacations, office closures, and travel schedules have unavoidably hindered counsel's ability to prepare and file its opposition with necessary input from its U.S.- and Switzerland-based client and Alder's New York-based counsel in the underlying action pending in the Southern District of New York.

Dkt. #13 at 2. Amgen opposes the requested extension, representing to the Court its belief that Alder continues to delay its compliance with Amgen's subpoena. Dkt. #14 at 2–3.

Putting aside that Alder's representations to the Court are unsworn, the Court finds them unacceptably short on specifics. The Court fully accepts that vacations, office closures, and travel schedules around the holidays may complicate a party's ability to timely respond to a motion. But Alder has not provided any specifics to show that this was the case here. The Court will not rely on its own speculation to fill in the gaps left by Alder.

Of some importance, the record makes clear that Alder is not facing a motion to compel that was unexpected or a motion that was deliberately filed before the holidays in bad faith. Acknowledging that the Court has only one side of the story because Alder has not substantively responded, Amgen establishes that Alder agreed to begin producing documents responsive to the subpoena by December 13, 2019. Dkt. #1-2 at 75. When that date passed without documents being produced, Amgen indicated to Alder, on December 17, 2019, that it would file a motion to compel. Dkt. #1-2 at 74. Amgen did so two days later. Dkt. #1.

Presumably, Alder was aware of the impending holidays, vacations, office closures, and travel schedules by December 19, 2019. Despite advanced notice, Alder waited until the day its response was due to notify both Amgen and the Court of its need for relief from the deadline. Dkt. #13. Perhaps the need for relief from the deadline arose in the interim, but Alder provides no indication that this was the case and the Court is again left to speculate. Alder has not established good cause, and the Court does not find good cause, to grant Alder relief from its deadline to respond to Amgen's Motion and denies Alder's motion.

ORDER – 2

As such, Alder has failed to timely respond to Amgen's Motion. Pursuant to Local Civil Rule 7(b)(2), the Court may accept a party's failure "to file papers in opposition to a motion . . . as an admission that the motion has merit." LCR 7(b)(2). The Court does so here.

Accordingly, and having reviewed the motions and relevant briefing and the remainder of the record, the Court finds and ORDERS that:

1. Alder BioPharmaceuticals, Inc.'s Motion to Reset Noting Date for Amgen Inc.'s Motion to Compel Production of Documents (Dkt. #13) is DENIED.
2. Amgen's Motion to Compel Alder's Production of Documents (Dkt. #1) is GRANTED.
3. Alder is ordered to begin producing documents within the scope agreed to by the parties and using the confidentiality designations contemplated by the Protective Order in *Novartis v. Amgen*, No. 1:19-cv-02993-PKC (S.D.N.Y.), no later than January 8, 2020, and to complete its document production no later than January 31, 2020.

Dated this 3rd day of January 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 3